JOURNAL ENTRY AND OPINION
This matter reaches us for the second time on appeal. Defendant-appellant Chester Turner, III currently appeals from the trial court's decision that resentenced him to maximum consecutive sentences for Aggravated Burglary (R.C. 2911.11), Kidnapping (R.C. 2905.01), and Attempted Rape (R.C. 2907.02). For the reasons that follow, we affirm.
This court's prior opinion in State v. Turner, III. (Nov. 2, 2000), Cuyahoga App. No. 77429, unreported, sets forth the relevant facts of this case. Upon, defendant-appellant's first appeal, we returned this matter to the trial court for it to make specific findings consistent with R.C. 2929.14(B). That provision concerns the trial court's consideration of imposing the shortest term for an offender with no prior prison terms. At the same time, we expressly noted "that the trial court did make findings as to the maximum consecutive category." Turner,supra.
Upon remand, the court not only made the additional requisite findings for deviating from the minimum sentence (Tr. 43-46), but also conducted a resentencing hearing. The court explicitly followed the direction of this Court in addressing the, defendant's "entitlement * * * to the minimum concurrent sentence." (Tr. 43). The court continues to detail its concern and rationale for deviating from the shortest prison term. (Tr. 43-45). On the grounds enunciated, the court explicitly found that "the shortest prison term would demean the seriousness of the offense and would not adequately protect the public." (Tr. 45).
The court imposed a prison term of ten years on the count of aggravated burglary; eight years on the count of attempted rape to run consecutively.[1] Defendant appeals assigning the following error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES.
Defendant contends that the court abused its discretion by resentencing him as if he had committed rape rather than attempted rape. He also claims that his sentences fail to comport with the purposes and principles of the sentencing guidelines.
We previously returned this matter to the trial court after, defendant's first appeal solely for consideration of imposing the minimum sentence since, defendant had not previously served a prison term. Ibid. In the first appeal, it was already determined that the trial court complied with the statutory requirements for imposing the maximum consecutive sentences. Turner, supra. This is the law of the case. Accordingly, the trial court did not abuse its discretion by imposing maximum consecutive sentences.
The record also reflects that the trial court fully understood that, defendant was charged with attempted rape when it imposed the sentence. In particular, the court stated:
 As to the attempted rape, I have no question from reading the police report and reading the victim's statements but that this rape was only an attempt because she was able to fend him off and that had she either not fought as hard as she did or had the police not come at the time they did, that this would not have been an attempted rape, but certainly a complete act. As a practical matter, I suspect the result was as good as if the act had been completed in the first place.
(Tr. 46).
While, defendant appears not to object to the court's deviation from imposing the shortest prison term, we note that the remand of this case solely directed the trial court to consider the imposition of the shortest prison term in accordance with R.C. 2929.14(B). Defendant's appeal should be confined accordingly. We find that the court fully complied with the instruction upon remand and appropriately adhered to the statutory directives. R.C. 2929.14(B) provides in relevant part as follows:
 (B) Except as provided * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender has not previously served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In addressing the trial court's discretion in deviating from imposing the shortest prison term, the Ohio Supreme Court directs that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum." State v. Edmonson (1999),86 Ohio St.3d 324, 327. The trial court, however, need not explain these reasons. Instead, the court must note that "it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
In this case, the court complied with the statutory directives as expounded upon by the Ohio Supreme Court. The court found both sanctioned reasons applicable for deviating from imposing the shortest prison term.Ibid. Additionally, the court meticulously detailed its reasons for making these findings. (Tr. 43-45).
Defendant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The, defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCURS. TERRENCE O'DONNELL, J., CONCURS WITHSEPARATE CONCURRING OPINION.
[1] The court found kidnapping to be an allied offense of similar import and imposed no sentence for that count.